UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRAZIER,<br><br>            Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>            Defendant. | 1:08-cv-01953-SMS<br><br>ORDER VACATING HEARING ON MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW (DOC. 14) AND DEEMING THE MOTION SUBMITTED FOR DECISION<br>**Vacated Hearing Date:**<br>**August 21, 2009**<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD (DOC. 14)<br><br>ORDER GRANTING AN EXTENSION OF TIME FOR THE FILING OF PLAINTIFF'S BRIEF TO NO LATER THAN **OCTOBER 1, 2009**<br><br>ORDER DIRECTING THE CLERK TO UPDATE THE DOCKET AND TO SERVE THIS ORDER ON PLAINTIFF AT THE ADDRESS SPECIFIED IN THIS ORDER |

Plaintiff is proceeding in forma pauperis with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301. Pending before the Court is the motion of

Plaintiff's counsel, Marc V. Kalagian, to withdraw as Plaintiff's counsel of record, which was filed on July 28, 2009, and set for hearing on August 21, 2009. The motion was served on Defendant and Plaintiff, and it included a notice and motion to withdraw as attorney of record, a supporting memorandum, and a declaration. No opposition was filed to the motion. The Court has reviewed all the documents submitted in connection with the motion.

### I. Vacating the Hearing Date

Pursuant to Rule 78-230(h) of the Local Rules of Practice for the United States District Court, Eastern District of California, the Court finds that the motion of Plaintiff's counsel to withdraw as Plaintiff's attorney is a matter that may appropriately be submitted upon the record and briefs.

Accordingly, the hearing on the motion, presently set for August 21, 2009, will be vacated, and the motion will be deemed submitted to the Court for decision.

### II. Motion of Counsel to Withdraw

Movant Marc V. Kalagian states that after undertaking representation of Plaintiff in November 2008, and reviewing the administrative record, he informed Plaintiff in May 2009 in writing of his opinion that he could not pursue the case on Plaintiff's behalf, and he informed Plaintiff that if Plaintiff disagreed with counsel's opinion, Plaintiff could sign a substitution of attorneys and seek other counsel. As of the time the motion was filed, Plaintiff had neither advised Kalagian of the retention of alternate counsel or authorized counsel to dismiss the action. (Decl. of Kalagian, ¶¶ 2-4.)

//

1    On July 28, 2009, counsel mailed a copy of the motion to
2 Plaintiff at Plaintiff's last-known address, and he has submitted
3 to the Court documentation of Plaintiff's receipt of the motion.
4 (Decl. ¶ 3, Ex. 1.) Plaintiff's last known and current address is
5 246 Desert Breeze Drive, California City, CA 93505. Plaintiff has
6 informed the Court that his telephone number is 760-373-7569,
7    The grounds of the motion are that after diligent research
8 of the issues, counsel has formed the opinion that he cannot
9 pursue the matter on Plaintiff's behalf and that to do so could
10 subject Plaintiff and counsel to sanctions under Rule 11. (Decl.
11 of Kalagian ¶ 3-4.)
12    Local Rule 83-182 provides that an attorney may request
13 withdrawal if grounds exist pursuant to the Rules of Professional
14 Conduct of the State Bar of California. Cal. Rules of Prof.
15 Conduct, Rule 3-700(C)(1)(a) provides for withdrawal with the
16 permission of a tribunal if the client insists upon presenting a
17 claim or defense that is not warranted under existing law and
18 cannot be supported by good faith argument for an extension,
19 modification, or reversal of existing law. Fed. R. Civ. P.
20 11(b)(1) provides that by presenting to the Court a paper, an
21 attorney is certifying that to the best of the person's
22 knowledge, information, and belief, formed after an inquiry
23 reasonable under the circumstances, that the claims, defenses,
24 and other legal contentions therein are warranted by existing law
25 or by a nonfrivolous argument for the extension, modification, or
26 reversal of existing law or the establishment of new law. Cal.
27 Rules Prof. Conduct, Rule 3-700(C)(6) permits withdrawal if the
28 member believes in good faith in a proceeding pending before a

3

tribunal that the tribunal will find the existence of good cause for withdrawal.

The Court finds and concludes that counsel has established grounds for withdrawal. The motion to withdraw will be granted.

III. <u>Extension of Time to File Plaintiff's Opening Brief</u>

Local Rule 83-182(d) provides, "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Counsel has requested that the Court grant Plaintiff time to search for counsel and extend the time for filing Plaintiff's opening brief.

There has been no undue delay in this case. In order to permit Plaintiff to obtain counsel and to file an opening brief, the Court will extend the deadline for the filing of the opening brief for approximately forty-five days until October 1, 2009.

IV. <u>Informational Order to Plaintiff</u>

The Court notes that upon counsel's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of the action even if Plaintiff fails to obtain new counsel. A failure to comply with an order of the Court, including the deadline for the filing of Plaintiff's opening brief, will result in sanctions, including dismissal of this action. Because Plaintiff is now proceeding pro se, the Court will by separate order inform Plaintiff of requirements concerning Social Security cases in this Court.

V. <u>Disposition</u>

Accordingly, it IS ORDERED that

1) The hearing on the motion of counsel to withdraw, previously set for August 21, 2009, IS VACATED; and

4

2) The motion of Plaintiff's counsel, Marc V. Kalagian, to withdraw as attorney of record IS GRANTED; and

3) Plaintiff's opening brief SHALL BE FILED no later than October 1, 2009; and

4) The Clerk SHALL UPDATE THE DOCKET to reflect Plaintiff's pro se status and Plaintiff's address of 246 Desert Breeze Drive, California City, CA 93505, and Plaintiff's telephone number of 760-373-7569 and SHALL SERVE this order upon Plaintiff at Plaintiff's address and SHALL SERVE this order upon Plaintiff at that address.

IT IS SO ORDERED.

**Dated:   August 17, 2009**          /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE