UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN FRAZIER,                      )    1:08-cv-01953-SMS
                                   )
          Plaintiff,               )    **ORDER DISMISSING ENTIRE**
                                   )    **ACTION WITHOUT PREJUDICE FOR**
vs.                                )    **PLAINTIFF'S FAILURE TO FILE**
                                   )    **AN OPENING BRIEF, FAILURE TO**
MICHAEL J. ASTRUE,                 )    **PROSECUTE, AND FAILURE TO**
Commissioner of Social             )    **FOLLOW COURT ORDER(S)**
Security,                          )    (Doc. 17)
                                   )
          Defendant.               )    **ORDER DIRECTING CLERK**
_____)    **TO CLOSE ENTIRE ACTION**

     Plaintiff is proceeding pro se and in forma pauperis in this
action seeking judicial review of a final decision of the
Commissioner of Social Security denying plaintiff's application
for benefits.  The parties have consented to the jurisdiction of
the United States Magistrate Judge pursuant to 28 U.S.C.
§ 636(c)(1), to conduct all further proceedings in this case,
including entry of final judgment (Docs. 8 & 10).

     I.   Procedural History

          On December 18, 2008, plaintiff, by and through legal
counsel, filed the complaint (Doc. 2).  On December 23, 2008, the
Scheduling Order directed plaintiff to file his opening brief
ninety-five (95) days after defendant lodged the administrative
record, which serves as defendant's answer (Doc. 6).  On April

1

27, 2009, defendant filed or rather lodged the administrative record (Doc. 11).  However, on July 22, 2009, plaintiff's legal counsel, Marc Kalagian, filed a request for approval of substitution of attorney (Doc. 12).  On July 27, 2009, the Court declined the request for failure to comply with Local Rule 83-182(d) (Doc. 13).  On July 28, 2009, Mr. Kalagian filed the appropriate motion to withdraw as attorney of record for plaintiff (Doc. 14).  On August 17, 2009, the Court granted counsel's motion to withdraw and granted pro se plaintiff until October 1, 2009, by which to file his opening brief (Doc. 17).  Further, on August 26, 2009, the Court issued an Informational Order for Pro Se Litigants detailing, among other things, the deadline for filing the opening brief (Doc. 18).  To date, pro se plaintiff has not filed an opening brief or otherwise contacted the Court (with any request for a further extension of time or explanation for the delay), has failed to prosecute this action, and has failed to comply with order(s) of the Court.

The following is a copy of the entire court docket and entries depicting the history of this case:

| Date Filed | # | Docket Text |
|---|---|---|
| 12/18/2008 | 1 | CIVIL COVER SHEET by John Frazier (Kalagian, Marc) (Entered: 12/18/08) |
| 12/18/2008 | 2 | SOCIAL SECURITY COMPLAINT against Commissioner of Social Security by John Frazier. Attorney Kalagian, Marc V added. (Attachments: # 1 Summons, # 2 Certification) (Kalagian, Marc) (Entered: 12/18/2008) |
| 12/18/2008 | 3 | MOTION to PROCEED IN FORMA PAUPERIS by John Frazier. (Kalagian, Marc) (Entered: 12/18/2008) |
| 12/19/2008 | | APPLICATION TO PROCEED IFP filed - Action Required. (Gil-Garcia, A) (Entered: 12/19/2008) |
| 12/23/2008 | 4 | ORDER Granting 3 Motion to Proceed in forma pauperis signed by Magistrate Judge Gary S. Austin on 12/22/2008. (Flores, E) (Entered: 12/23/2008) |

| | | |
|---|---|---|
| 12/23/2008 | 5 | SUMMONS ISSUED as to *Commissioner of Social Security* with answer to complaint due within *60* days. Attorney *Marc V Kalagian* * Law Office of Rolhfing & Kalagian* *211 East Ocean Boulevard, Suite 420* *Long Beach, CA 90802*. (Flores, E) (Entered: 12/23/2008) |
| 12/23/2008 | 6 | SCHEDULING ORDER in SOCIAL SECURITY APPEAL Consent Deadline set for 3/26/2009 (Attachments: # 1 Order Re Consent, # 2 Consent Forms, # 3 USM-285 Forms) (Flores, E) (Entered: 12/23/2008) |
| 12/24/2008 | 7 | SUMMONS RETURNED EXECUTED by John Frazier. Commissioner of Social Security served on 12/24/2008, answer due 1/13/2009. (Attachments: # 1 Proof of Service) (Kalagian, Marc) (Entered: 12/24/2008) |
| 12/24/2008 | 8 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by John Frazier. (Kalagian, Marc) (Entered: 12/24/2008) |
| 01/05/2009 | 9 | NOTICE TO PLAINTIFF'S COUNSEL (Text Only Entry): Local Rule 8-206(a)(2) requires that the last four (4) digits of plaintiff's social security number (only) be revealed on the Complaint (as opposed to ***-**-****). (See Doc. 2, page -1-, line 21). Plaintiff's counsel is so advised, and is directed to take notice.(Robles, F.) (Entered: 01/05/2009) |
| 01/09/2009 | 10 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Commissioner of Social Security. Attorney Forslund, Jacqueline Anna added. (Forslund, Jacqueline) (Entered: 01/09/2009) |
| 04/27/2009 | 11 | NOTICE OF LODGING SOCIAL SECURITY ADMINISTRATIVE TRANSCRIPT by Commissioner of Social Security. (Forslund, Jacqueline) (Entered: 04/27/2009) |
| 04/29/2009 | | RECEIPT of Administrative Record. (Lundstrom, T) (Entered: 04/29/2009) |
| 07/22/2009 | 12 | REQUEST for *Approval of Substitution of Attorney* by John Frazier. (Attachments: # 1 Proposed Order)(Kalagian, Marc) (Entered: 07/22/2009) |
| 07/27/2009 | 13 | MINUTE ORDER (Text Only Entry): Plaintiff's/Counsel's Request for Approval of Substitution of Attorney 12 is DECLINED for failure to comply with Local Rule 83-182(d). An attorney may not withdraw leaving the client in propria persona without leave of Court upon noticed motion (date must be cleared with the Court). The authority and duty of the attorney of record shall continue until relieved by order of the Court. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. SO ORDERED. Signed by Judge Sandra M. Snyder on 7/27/09. (Robles, F.) (Entered: 07/27/2009) |
| 07/28/2009 | 14 | MOTION to WITHDRAW as ATTORNEY by John Frazier. (Attachments: # 1 Exhibit)(Kalagian, Marc) (Entered: 07/28/2009) |
| 07/29/2009 | 15 | MINUTE ORDER (Text Only Entry): Pursuant to Local Rule 78-230(b), the MOTION to WITHDRAW as ATTORNEY 14 is SET for hearing on 8/21/09 @ 9:30am before Judge Snyder (SMS). Any statement of opposition or non-opposition to be filed by 8/14/09. Signed by Judge Sandra M. Snyder on 7/29/09. (Robles, F.) (Entered: 07/29/2009) |

3

| 07/29/2009 | | SERVICE BY MAIL: 15 Minute Order served on Plaintiff, John Frazier, at his last known address of 246 Desert Breeze Drive, California City, CA, 93505. <u>Note to Plaintiff</u>: A current telephone number is also required to prevent any unncessary future trips to Fresno. (Robles, F.) (Entered: 07/29/2009) |
|---|---|---|
| 08/06/2009 | 16 | INTERNAL COURT NOTICE: Plaintiff, John Frazier, called the court to provide his telephone number of 760-373-7569 as suggested in the Service by Mail on 7/29/09. (Robles, F.) (Entered: 08/07/2009) |
| 08/17/2009 | 17 | ORDER signed by Magistrate Judge Sandra M. Snyder on 8/17/2009 vacating hearing on motion of Plaintiff's Counsel to withdraw and deeming motion submitted for decision; granting 14 Plaintiff's Counsel's Motion to Withdraw as Attorney; granting extension of time for filing of Plaintiff's Brief, Filing Deadline: 10/1/2009 and directing clerk to update docket and serve Plaintiff at specified address.(Lundstrom, T) (Entered: 08/17/2009) |
| 08/17/2009 | | SERVICE BY MAIL: 17 Order served on John Frazier. (Lundstrom , T) (Entered: 08/17/2009) |
| 08/26/2009 | 18 | INFORMATIONAL ORDER for Pro Se Litigants, signed by Magistrate Judge Sandra M. Snyder on 8/24/2009. (Martin, S) (Entered: 08/26/2009) |
| 08/26/2009 | | SERVICE BY MAIL: 18 Order served on John Frazier. (Martin, S) (Entered: 08/26/2009) |

II.   <u>Discussion</u>

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

4

comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has failed to offer any explanation for the delay in proceeding to prosecute the case. The Court

finds that under the circumstances of this case, plaintiff's delay is unreasonable.

The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a Court's warning to a party that failure to obey the Court's order may result in dismissal satisfies the "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The Court's informational order of August 26, 2009, page 10, lines 3-6, expressly warned plaintiff that failure to comply with the local rules, federal rules, or a court order, including that order, will be grounds for dismissal or other appropriate sanctions. Because plaintiff is proceeding pro se and in forma pauperis, the Court concludes that monetary sanctions are not a viable alternative. The Court finds that under the circumstances of the present case, there is no alternative to dismissal.

Accordingly, it is HEREBY ORDERED:

1.   That this action is DISMISSED, without prejudice, in its entirety for plaintiff's failure to file an opening brief, failure to prosecute, and failure to follow court orders.

2.   The Clerk is DIRECTED to CLOSE this action in its entirety.

IT IS SO ORDERED.

**Dated:     October 16, 2009               /s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE